Citation Nr: 1610608 
Decision Date: 03/16/16 Archive Date: 03/23/16

DOCKET NO. 13-28 097 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to a rating higher than 10 percent for bilateral hearing loss. 


REPRESENTATION

Veteran represented by: North Carolina Division of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

A. Larson, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1948 to February 1950.

This matter is before the Board of Veterans' Appeals (Board) on appeal from March 2012 and March 2013 rating decisions of a Department of Veterans Affairs (VA) Regional Office (RO). The March 2012 decision increased the Veteran's rating to 10 percent effective November 2, 2011, the date the Veteran submitted his claim. The March 2013 decision continued this 10 percent rating. 

While the Veteran initially also disagreed with a denial of service connection for a skin condition, he indicated after the July 2013 Statement of the Case that he no longer wished to pursue this claim. 

The Veteran underwent a videoconference hearing in February 2016 and a hearing transcript is contained in the record. 

The issues of (1) entitlement to service connection for an ear condition, to include recruitment and hyperacusis, (2) entitlement to service connection for hypertension, and (3) entitlement to service connection for anxiety have been raised by the record but have not been adjudicated by the Agency of Original Jurisdiction (AOJ). The Veteran has submitted multiple statements regarding his belief that this additional ear condition is related to service, including in July 2012. He raised the hypertension and anxiety issues on his September 2013 VA Form 9 substantive appeal. Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

At the Veteran's February 2016 videoconference hearing, he stated that his bilateral hearing loss had worsened since his last VA examination in December 2012. While there is an October 2015 VA audiological consultation of record, it used a speech recognition test other than the Maryland CNC test. Regardless, the puretone threshold averages alone do not avail the Veteran to a rating higher than 10 percent under the diagnostic code. Thus, this claim is remanded so the Veteran can be afforded a contemporaneous VA examination to address the current severity of his condition. 

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain any outstanding VA treatment records and add them to the claims file. 

2. Then, schedule the Veteran for a VA examination to determine the current severity of his service-connected bilateral hearing loss. All necessary tests, to include audiological and Maryland CNC testing, should be performed. 

The examiner should discuss how the Veteran's hearing loss impacts his activities of daily living, including his ability to obtain and maintain employment. 38 C.F.R. § 4.10 (2015). 

The examiner should review the claims folder and note that review in the report. A rationale for all opinions should be provided.

3. Then, readjudicate the claim, with consideration of all evidence added to the claims fie since the issuance of the April 2013 supplemental statement of the case. If any decision is adverse to the Veteran, issue a supplemental statement of the case, allow the applicable time for response, and then return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).